**Reese License**

*George T. McKinley,* for appellant.
*Murray Mackson,* for Commonwealth.

HEIMBACH, P. J., January 12, 1971.—We have before us defendant's petition to vacate the order of the Secretary of the Department of Revenue suspending his operator's privilege for failure to take a breathalizer test. He says that he was not under arrest at the time he refused to take such test, as is required by The Vehicle Code of April 29, 1959, P. L. 58, sec. 624.1, as amended, 75 PS §624.1.

The testimony is this:

The prosecutor, a police officer, appeared at the scene of a three-car accident. One of the cars involved and badly damaged was that of defendant. He observed defendant slumped over the steering wheel. He concluded from the appearance and demeanor of defendant, and the odor of alcohol on his breath, that defendant was under the influence of intoxicating beverages and advised defendant he was under arrest and directed him to accompany him to Hazleton for a breathalizer test. At Hazleton, defendant refused to take such a test.

We agree with defendant's contention that defendant was not under arrest at the time he refused to take the test. Rule of Criminal Procedure 102(3) permits an arrest on view, without a warrant, when the offense is a felony or misdemeanor committed in the presence of the arresting person. Since the offense of operating the automobile while under the influence of intoxicating beverages was not committed in the officer's presence, the arrest was invalid. Since defendant was not under arrest when he refused to take the breathalizer test, his operating privileges could not be suspended for such refusal: Section 624.1 of The Vehicle Code, supra.

The case of Commonwealth v. Kallus, 212 Pa. Superior Ct. 504, is inapposite. In such case, defendant was convicted of operating a motor vehicle while under the influence of intoxicating beverages. Summarized, the evidence was this: Defendant was seated in the driver's seat behind the steering wheel; the front of the car was imbedded in a snow bank; the motor was running; the car was in gear and the rear wheels were spinning with the left rear wheel spinning against the main travelled portion of the highway. The court in affirming the conviction said, page 507:

". . . it is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator is in actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself."

In so holding, the court found that defendant was in actual physical control of the machinery of the vehicle.

In the case before us, the police officer testified that defendant was slumped over the steering wheel when he first saw him. This testimony obviously negates any suggestion of actual physical control of

the automobile by defendant at the time of the officer's alleged arrest; nor, of course, was the car moving. See Commonwealth v. Shindledecker, 10 Adams L. J., 159, where the court held section 1037 of The Vehicle Code, operating a motor vehicle while under the influence of intoxicating beverages, was not violated under facts similar to those in the instant case.

Wherefore, we enter the following

### ORDER

Now, to wit, January 12, 1971, defendant's appeal from the order of the Secretary of Revenue suspending his license is sustained, and such order is vacated.

Costs on defendant.